# EXHIBIT A

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is not required.*

Filed and Attested by the Office of Judicial Records 05 MAY 2026 12:06 pm B. BALILONTS

Attorney for plaintiff

| | |
|---|---|
| JOHN ALFONSE, Individually and as Administrator of the ESTATE OF MICHAEL ALFONSE, deceased 1030 Colin Drive, Royersford, PA 19468 | COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PA CIVIL ACTION - LAW |

JOHN ALFONSE, Individually and as     :
Administrator of the ESTATE OF        :
MICHAEL ALFONSE, deceased             :
1030 Colin Drive,                     :
Royersford, PA 19468                  :
                      Plaintiff       :
                                      :
          v.                          :
                                      :
WAL-MART STORES EAST, LP              :
4301 Byberry Road,                    :
Philadelphia, PA 19154               :
          and                         :
WAL-MART STORES EAST, INC.            :
4301 Byberry Road,                    :
Philadelphia, PA 19154               :
          and                         :
WAL-MART STORES, INC.                 :
4301 Byberry Road,                    :
Philadelphia, PA 19154               :
          and                         :
JOHN DOE(S) I-V                       :
being a fictitious designation pursuant to  :
Pa. R. Civ. P. 2005 for corporation(s) and/or :
entity(ies) who were responsible for the    :
actions, hiring and/or supervision of the   :
assailant who shot and killed decedent as   :
identified in detail below on the date as   :
outlined below, and whose identity/identities: :
is/are presently unknown to plaintiff       :
                      Defendants      :

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose

Case ID: 260500458

money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Philadelphia County Bar Association
Lawyers Referral and Information Service
1 Reading Center
Philadelphia, PA 19107
215-238-6333

**AVISO**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas on las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una compareencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Lega
One Reading Center
Filadelfia,Pennsylvania 19107
Telef.: 215-238-6333

2

Case ID: 260500458

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is not required.*

Attorney for plaintiff

| | | |
|---|---|---|
| JOHN ALFONSE, Individually and as | : | COURT OF COMMON PLEAS |
| Administrator of the ESTATE OF | : | PHILADELPHIA COUNTY, PA |
| MICHAEL ALFONSE, deceased | : | CIVIL ACTION - LAW |
| 1030 Colin Drive, | : | |
| Royersford, PA 19468 | : | |
| | : | |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, LP | : | |
| 4301 Byberry Road, | : | |
| Philadelphia, PA 19154 | : | |
| and | : | |
| WAL-MART STORES EAST, INC. | : | |
| 4301 Byberry Road, | : | |
| Philadelphia, PA 19154 | : | |
| and | : | |
| WAL-MART STORES, INC. | : | |
| 4301 Byberry Road, | : | |
| Philadelphia, PA 19154 | : | |
| and | : | |
| JOHN DOE(S) I-V | : | |
| being a fictitious designation pursuant to | : | |
| Pa. R. Civ. P. 2005 for corporation(s) and/or | : | |
| entity(ies) who were responsible for the | : | |
| actions, hiring and/or supervision of the | : | |
| assailant who shot and killed decedent as | : | |
| identified in detail below on the date as | : | |
| outlined below, and whose identity/identities | : | |
| is/are presently unknown to plaintiff | : | |
| Defendants | : | |

## PLAINTIFF'S COMPLAINT

AND NOW, comes the plaintiff, John Alfonse, Individually and as Administrator of the

Estate of Michael Alfonse by and through his attorney, Thomas F. Sacchetta, Esquire avers as

follows:

3

Case ID: 260500458

1.    Plaintiff, John Alfonse, is an adult individual and the administrator the estate for Michael Alfonse (hereinafter "decedent"), residing at 1030 Colin Drive, Royersford, PA 19468.

2.    Defendant, Wal-Mart Stores East, LP, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware with an address of 4301 Byberry Road, Philadelphia, PA 19154. Defendant, Wal-Mart Stores East, LP, regularly conducts business in Philadelphia County.

3.    Defendant, Wal-Mart Stores East, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware with an address of 4301 Byberry Road, Philadelphia, PA 19154. Defendant, Wal-Mart Stores East, Inc., regularly conducts business in Philadelphia County.

4.    Defendant, Wal-Mart Stores, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware with an address of 4301 Byberry Road, Philadelphia, PA 19154. Defendant, Wal-Mart Stores, Inc., regularly conducts business in Philadelphia County.

5.    Defendants, John Doe I-V (fictitious name) is/are entity/entities that, through it's employees, agents, workmen, and/or servants were responsible for the actions of, hiring of and/or supervision of the assailant (herein after decedent employee Ivan Hawkes) who shot and killed decedent as identified in detail below on the date as outlined below, and whose identity/identities is/are presently unknown to plaintiff.

6.    Defendants, John Doe I-V's identity, after reasonable investigation, is/are currently unknown.

7.    The facts and occurrences herein stated took place on May 31, 2024.

4

Case ID: 260500458

8. On or about May 31, 2024, decedent was shot and killed due to defendants' negligence, when their agent, servant, workman and/or employee shot decedent on the PA Turnpike in Brecknock Township, PA.

9. At all times relevant hereto, decedent employee Ivan Hawkes was in the course and scope of his employment for defendants.

10. At all times relevant hereto, defendants were responsible for decedent employee Ivan Hawkes' actions, were responsible to perform proper background checks on same and responsible to hire only competent, safe workers, as well as training and supervising employees.

## COUNT I - NEGLIGENCE

**Plaintiff, John Alfonse, Individually and as Administrator of the Estate of Michael Alfonse, deceased v. All Defendants**

11. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

12. The incident was caused exclusively and solely by the defendants' negligence, in that defendants:

(a) Failed to conduct appropriate background check when knew or should have known, decedent employee Ivan Hawkes, would be operating defendants vehicle on major state and federal highways.

(b) Failed to conduct appropriate background check into criminal history of decedent employee Ivan Hawkes.

(c) Failed to conduct appropriate background check into driving history of decedent employee Ivan Hawkes

5

Case ID: 260500458

(d)    Failed to address conduct of decedent employee Ivan Hawkes, that defendant knew or should have known was occurring while decedent was performing his job duties.

(e)    Failed to properly train decedent employee Ivan Hawkes with regard to appropriate operation of defendant's vehicle.

(f)    Failed to recognize decedent employee Ivan Hawkes' warning signs of propensity to act out with regard to propensities of road rage.

(g)    Failed to ensure that decedent employee was properly trained to perform the position  for which he was hired.

(h)    Failed to maintain and enforce policies and procedures for the evaluation of the mental and physical stability of their drivers.

(i)    Failed to maintain and enforce policies and procedures prohibiting their drivers from possessing and/or carrying firearms or other deadly weapons while on the job and utilizing defendants motor vehicle.

(j)    Failed to reprimand and enforce policies and procedures when defendant knew that their employee decedent Ivan Hawkes was violating any firearm policy defendant may have had in place.

(k)    Failed to have in place proper policies and procedure to determine whether drivers were following defendants rules and regulation.

(l)    Failed to address the signs that employee decedent Ivan Hawkes had a propensity to act out with regard to road rage.

(m)    Failed to have appropriate policies and procedures in place to reeducate drivers on the policies and procedures of Defendant.

6

Case ID: 260500458

(n)     Failed to remove employee decedent Ivan Hawkes from his position when defendant, knew or should have know, employee decedent was unfit to perform his required job duties.

(o)     Failure of defendant to follow up on any and all complaints regarding employee decedent Ivan Hawkes inappropriate operation of the vehicle entrusted to him by defendant.

(p)     Defendants knew or should have know that employee decedent had a propensity to act out violently while performing his job duties.

(q)     Defendants knew or should have known that employee decedent was operating their vehicle armed with a loaded weapon on his person or in the vehicle.

(r)     Failed to address complaints or concerns regarding employee decedent Ivan Hawkes operation of defendants vehicle on state and federal roadways. and

(s)     Defendants was otherwise negligent under the circumstances.

13.     Defendants through their employees, servants and agents, either had actual notice of the unsafe and dangerous condition created by their employee.

14.     Solely as a result of the negligence of defendants, decedent was caused to suffer various physical injuries, including, but not limited to, significant injury, pain and suffering, scarring, disfigurement, permanent injury, death and fear and conscious knowledge of his impending death.

15.     As a direct result of the aforesaid injury, decedent suffered severe shock to his nervous system, great physical pain, and mental anguish.

16.     Decedent and Plaintiff were compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

7

Case ID: 260500458

17. As a result of his injuries, decedent incurred unreimbursed wage loss and medical expenses.

18. As a result of his injuries, decedent suffered a permanent disability and a permanent impairment of his earning power and capacity.

19. As a direct result of the injury, decedent was prevented from attending to his usual duties and obligations.

20. As a result of his injuries, decedent suffered permanent diminution in her ability to enjoy life and life's pleasures.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in excess of the arbitration limit of this court.

## COUNT II - WRONGFUL DEATH

**Plaintiff, John Alfonse, Individually and as Administrator of the Estate of Michael Alfonse, deceased v. All Defendants**

21. Plaintiff incorporates herein all preceding paragraphs of this Complaint as though fully set forth at length.

22. Plaintiff brings this action on behalf of the Estate of Michael Alfonse, deceased, by virtue of 42 Pa. C.S. §8031 and Pa. R.C.P. 2202, and claims all benefits and damages recoverable under the Wrongful Death Statute, on behalf of himself and all other persons entitled to recover under the law.

23. The names of the persons legally entitled to recover damages for the death of the decedent and their relationship to the decedent is as follows:

| **NAME** | **RELATION** |
|---|---|
| John Alfonse | Father |

8

Case ID: 260500458

Dominic Alfonse      Son

24.      By reason of the death of decedent, his dependents who survived have suffered great pecuniary loss, as well as funeral expenses and expense of administration necessitated by reason of the injury which caused his death.

25.      Prior to his death because of the negligence and carelessness of defendants, decedent underwent great pain, suffering and anxiety, including conscious knowledge of his impending death.

26.      Decedent did not bring an action against defendants and each of them during his lifetime for the injuries he sustained by reason of defendants' negligent conduct.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00) and in excess of this court's arbitration limits.

## COUNT III - SURVIVAL ACTION

**Plaintiff, John Alfonse, Individually and as Administrator of the Estate of Michael Alfonse, deceased v. All Defendants**

27.      Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

28.      Plaintiff brings this action on behalf of the Estate of Michael Alfonse, deceased, by virtue of 42 Pa. C.S. §8032 and Pa. C.S.A.  §3371, and claims all benefits and damages recoverable under the Survival Act, on behalf of themselves and all other persons entitled to recover under the law.

29.      Plaintiff, on behalf of the Estate of Michael Alfonse, claims all of the damages suffered by the Estate by reason of decedent's death, including but not limited to anxiety, fear,

9

Case ID: 260500458

pain, suffering, and conscious awareness of impending death suffered by decedent prior to his death, medical expenses, and loss of earning capacity sustained by decedent from the date of his death, and all other damages recoverable under the Pennsylvania Survival Statute.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00) and in excess of this court's arbitration limits.

SACCHETTA & BALDINO

By: /s/ Thomas F. Sacchetta
THOMAS F. SACCHETTA, ESQUIRE
Attorney for plaintiff

10

Case ID: 260500458

## VERIFICATION

The undersigned verifies that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief.  The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

 /s/Thomas F. Sacchetta
THOMAS F. SACCHETTA

11

Case ID: 260500458

## VERIFICATION

The undersigned verifies that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief.  The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

John Alfonse - Executor for the benefit of Michael John Alfonse

Case ID: 260500458